**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY, | ) ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) No.: |
| ALLIED PLASTIC SUPPLY, LLC, and AVANTARA PARK RIDGE, LLC, | ) ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, EMPLOYERS MUTUAL CASUALTY COMPANY ("EMC"), by its attorneys, Bodell Bove, LLC, for its Complaint for Declaratory Judgment against Defendants, ALLIED PLASTIC SUPPLY, LLC and AVANTARA PARK RIDGE, LLC, states as follows:

**Nature of the Action**

1. This lawsuit is a declaratory judgment action concerning the availability of insurance coverage under certain policies of insurance issued to ALLIED PLASTIC SUPPLY, LLC by EMC for the claims asserted in an underlying lawsuit filed by Defendant AVANTARA PARK RIDGE, LLC. This lawsuit is being brought pursuant to 28 U.S.C. §§ 2201 and 2202.

**Jurisdiction**

2. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). EMC is an insurance company organized under the laws of the State of Iowa that has its principal place of business in Des Moines, Iowa.

1

3. EMC is an insurance carrier licensed to issue policies of Commercial General Liability insurance and Commercial Umbrella insurance in the States of Iowa and Texas (among others).

4. Upon information and belief, ALLIED PLASTIC SUPPLY, LLC ("Allied Plastic") is a limited liability company that is organized under the laws of Texas. On information and belief, none of Allied Plastic's members are citizens of Iowa.

5. Upon information and belief, AVANTARA PARK RIDGE, LLC ("Avantara") is a limited liability company that is organized under the laws of Illinois. On information and belief, none of Avantara's members are citizens of Iowa.

6. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

7. Venue is proper under 28 U.S.C. § 1391(a)(2) because a substantial part of the acts giving rise to the dispute occurred in Skokie, Illinois, or is proper under 28 U.S.C. § 1391(a)(3) because one defendant is subject to personal jurisdiction in this judicial district at the time the action was commenced.

8. Avantara is an interested and proper party in this action by virtue of its status as the plaintiff in the underlying case.

9. An actual controversy exists between the parties hereto, making this matter appropriate for disposition under 28 U.S.C §§ 2201 and 2202.

**General Allegations**

10. On September 14, 2021, Avantara filed a lawsuit in the Circuit Court of Cook County, Illinois entitled *Avantara Park Ridge, LLC, individually and as the representative of a*

*class of similarly situated persons, v. Allied Plastic Supply, LLC*, that is currently pending under case no. 2021 CH 04655. The lawsuit described in the preceding sentence will be referred to herein as "the underlying case". A copy of the Complaint (without its own exhibits) that was filed in the underlying case is attached as **Exhibit A**.

11. In the underlying case, Avantara alleges that on October 6, 2020, Allied Plastic sent a "junk fax" to Avantara without having permission to do so. Avantara further alleges that Allied Plastic sent similar facsimiles to other recipients without having permission to do so.

12. Based on these alleged facts, Avantara asserts a claim in the underlying case against Allied Plastic for violation of the Telephone Consumer Protection Act, 47 USC § 227 ("the TCPA").

13. The underlying case is a putative class action.

14. The Complaint in the underlying case (hereinafter referred to as "the underlying complaint") seeks relief in the form of class certification, the appointment of Avantara as the class representative, and an award of damages as allowed under the TCPA for Allied Plastic's alleged violations of the TCPA.

15. Allied Plastic has sought insurance coverage from EMC in connection with the underlying case.

16. EMC denies it has any coverage obligations to Allied Plastic in the underlying case.

**Count I – Certain Policies Issued by EMC Are Inapplicable Because They Expired Before the Conduct At Issue in the Underlying Case Took Place**

17. EMC issued the following Commercial General Liability ("CGL") policies to its named insured "Allied Plastic Supply, LLC":

No. 3D3-37-36—13 for the effective period of April 1, 2012-2013;

3

>No. 3D3-37-36—14 for the effective period of April 1, 2013-2014;
>No. 3D3-37-36—15 for the effective period of April 1, 2014-2015;
>No. 3D3-37-36—16 for the effective period of April 1, 2015-2016; and
>No. 3D3-37-36—17 for the effective period of April 1, 2016-2017.

18. EMC issued the following Commercial Umbrella ("CU") policies to its named insured "Allied Plastic Supply, LLC":

>No. 3J3-37-36—13 for the effective period of April 1, 2012-2013;
>No. 3J3-37-36—14 for the effective period of April 1, 2013-2014;
>No. 3J3-37-36—15 for the effective period of April 1, 2014-2015;
>No. 3J3-37-36—16 for the effective period of April 1, 2015-2016; and
>No. 3J3-37-36—17 for the effective period of April 1, 2016-2017.

19. EMC also issued certain CGL and CU policies that were effective between April 1, 2006 and April 1, 2012 to "Allied Plastic Supply, Inc", which may be a predecessor entity to Allied Plastic.

20. The policies identified in paragraphs 17-19 above will hereinafter be collectively referred to as "the pre-April 2017 policies."

21. The underlying complaint alleges that Avantara "seeks statutory damages" for Allied Plastic's alleged "violations of the TCPA occurring during the statutory limitations period commencing four years prior to the filing of this action [i.e., the underlying case]."

22. The underlying case was filed on September 14, 2021.

23. The underlying complaint alleges that Avantara seeks to recover for alleged violations of the TCPA that allegedly took place up to four years prior to the date that the underlying case was filed. Accordingly, in the underlying case, Avantara is seeking to recover for alleged violations of the TCPA that allegedly took place on or after September 14, 2017.

24. All of the pre-April 2017 policies expired before any of the alleged violations of the TCPA that are at issue in the underlying case were allegedly committed.

25. As a result, the pre-April 2017 policies necessarily do not provide any coverage to Allied Plastic for the claims alleged in the underlying case.

26. EMC has no coverage obligations to Allied Plastic under the pre-April 2017 policies in connection with the underlying case.

27. If Allied Plastic or Avantara contends the pre-April 2017 policies are applicable for any reason, EMC expressly reserves the right to assert additional coverage defenses under the pre-April 2017 policies that would operate to preclude coverage to Allied Plastic under the pre-April 2017 policies for purposes of the underlying case.

WHEREFORE, Plaintiff, EMPLOYERS MUTUAL CASUALTY COMPANY ("EMC"), prays this Court enter declaratory judgment in its favor and against Defendants, ALLIED PLASTIC SUPPLY, LLC and AVANTARA PARK RIDGE, LLC, declaring, adjudging, and decreeing as follows:

(a) That any insurance policies that EMC issued to Allied Plastic, or to any predecessor entity of Allied Plastic, which expired prior to September 14, 2017 are not applicable to any claims asserted in the underlying case;

(b) That, as a result, EMC has no obligation to defend Allied Plastic in the underlying case under any policies that expired prior to September 14, 2017;

(c) That, as a result, EMC has no obligation to indemnify Allied Plastic in the underlying case under any policies that expired prior to September 14, 2017; and

(d) That any further appropriate relief will be awarded to EMC.

### Count II – The CGL Policies Do Not Provide Coverage For The Claims Asserted In The Underlying Case

1-27. EMC restates and realleges paragraphs 1-27 of Count I as and for paragraphs 1-27 of Count II, as though fully set forth herein.

5

28. EMC issued the following CGL policies to its named insured "Allied Plastic Supply, LLC":

> No. 3D3-37-36—18 for the effective period of April 1, 2017-2018;
> No. 3D3-37-36—19 for the effective period of April 1, 2018-2019;
> No. 3D3-37-36—20 for the effective period of April 1, 2019-2020;
> No. 3D3-37-36—21 for the effective period of April 1, 2020-2021; and
> No. 3D3-37-36—22 for the effective period of April 1, 2021-2022.

The policies identified above will be hereinafter collectively referred to as "the CGL policies."

29. The CGL policies include the Commercial General Liability Coverage Form, bearing form no. CG 00 01 04 13 (hereinafter referred to as "the CGL coverage form"). A copy of the CGL coverage form is attached as **Exhibit B**.

30. The CGL coverage form contains a Coverage A Section and a Coverage B Section.

31. The Coverage A Section of the CGL coverage form contains an Insuring Agreement that states Coverage A is applicable in certain circumstances, subject to all terms, conditions and limitations in the CGL policies, to "sums the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."

32. The CGL policies define "bodily injury" as follows:

> **"Bodily injury" means bodily injury, sickness or disease sustained by a person, including mental anguish or death resulting from bodily injury, sickness or disease.**

33. The CGL policies define "property damage" in relevant part as follows:

> a. **Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or**
>
> b. **Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the**

6

"occurrence" that caused it.

**For the purposes of this insurance, electronic data is not tangible property. As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.**

34. The underlying complaint does not allege any claims for "bodily injury" or "property damage" as those terms are defined in the CGL policies. As a result, the Coverage A Section of the CGL policies is inapplicable to the underlying case.

35. The Insuring Agreement in the Coverage A Section also states that any "bodily injury" or "property damage" for which an insured seeks coverage must be caused by an "occurrence" in order for Coverage A to apply.

36. The CGL policies define the term "occurrence" as follows:

**"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.**

37. The underlying complaint does not allege any claims that were caused by an "occurrence" as that term is defined in the CGL policies and, as a result, the Coverage A Section of the CGL policies is inapplicable to the underlying case.

38. The CGL policies contain an Expected or Intended exclusion which contains the following language:

**2. Exclusions**

**This insurance does not apply to:**

**a. Expected Or Intended Injury**

**"Bodily injury" or "property damage" expected or intended from the standpoint of an insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to**

7

**protect persons or property.**

39. If Allied Plastic or Avantara contends that a claim for "bodily injury" or "property damage" has been asserted in the underlying case (and EMC denies that the underlying case asserts such a claim), the Expected or Intended Injury exclusion would negate coverage for any "bodily injury" or "property damage" that Allied Plastic or Avantara contends is at issue in the underlying case.

40. The CGL policies contains a "Recording and Distribution of Material or Information in Violation of Law" exclusion (hereinafter referred to as the "Violation of Law exclusion") which contains the following language:

> **2. Exclusions**
>
> **This insurance does not apply to:**
> **\*\*\***
> **q. Recording And Distribution Of Material Or Information In Violation Of Law**
>
> **"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:**
>
> **(1) The Telephone Consumer Protection Act (TCPA), including an amendment of or addition to such law; or**
>
> **(2) The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or**
>
> **(3) The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or**
>
> **(4) Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.**

8

41. If Allied Plastic or Avantara contends that a claim for "bodily injury" or "property damage" has been asserted in the underlying case (and EMC denies that the underlying case asserts such a claim), the Violation of Law exclusion would negate coverage for any "bodily injury" or "property damage" that Allied Plastic or Avantara contends is at issue in the underlying case.

42. The Coverage B Section of the CGL coverage form contains an Insuring Agreement that states Coverage B is applicable in certain circumstances, subject to all terms, conditions and limitations in the CGL policies, to "sums the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies."

43. The CGL policies define "personal and advertising injury" as follows:

> **14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:**
>
> **a. False arrest, detention or imprisonment;**
>
> **b. Malicious prosecution;**
>
> **c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;**
>
> **d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;**
>
> **e. Oral or written publication, in any manner, of material that violates a person's right of privacy;**
>
> **f. The use of another's advertising idea in your "advertisement"; or**
>
> **g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".**

9

44. The underlying complaint does not allege any claims for the commission of any offenses within the "personal and advertising injury" definition. As a result, the Coverage B Section of the CGL policies is inapplicable to the underlying case.

45. The CGL policies contain a Knowing Violation Of Rights Of Another exclusion, which contains the following language:

> **2. Exclusions**
>
> **This insurance does not apply to:**
>
> **a. Knowing Violation Of Rights Of Another**
>
> **"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".**

46. If Allied Plastic or Avantara contends that a claim for "personal and advertising injury" has been asserted in the underlying case (and EMC denies that the underlying case asserts such a claim), the Knowing Violation Of Rights Of Another exclusion would negate coverage for any "personal and advertising injury" that Allied Plastic or Avantara contends is at issue in the underlying case.

47. The CGL policies contain a "Recording and Distribution of Material or Information in Violation of Law" exclusion (hereinafter referred to as the "Violation of Law exclusion"), which contains the following language:

> **2. Exclusions**
>
> **This insurance does not apply to:**
> **\*\*\***
> **p. Recording And Distribution Of Material Or Information In Violation Of Law**
>
> **"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:**

    **(1) The Telephone Consumer Protection Act (TCPA), including an amendment of or addition to such law; or**

    **(2) The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or**

    **(3) The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or**

    **(4) Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.**

48.    If Allied Plastic or Avantara contends that a claim for "personal and advertising injury" has been asserted in the underlying case (and EMC denies that the underlying case asserts such a claim), the Violation of Law exclusion would negate coverage for any "personal and advertising injury" that Allied Plastic or Avantara contends is at issue in the underlying case.

49.    The underlying complaint purports to seek "statutory damages" of $500 "for each violation of the TCPA". Under the TCPA, "statutory damages" are punitive in nature.

50.    The CGL policies do not provide coverage for punitive damages.

51.    For this additional reason, any "statutory damages" assessed under the TCPA against Allied Plastic in the underlying case could not be covered under the CGL policies.

52.    EMC expressly reserves the right to assert additional coverage defenses under the CGL policies in this action.

WHEREFORE, Plaintiff, EMPLOYERS MUTUAL CASUALTY COMPANY ("EMC"), prays this Court enter declaratory judgment in its favor and against Defendants, ALLIED PLASTIC SUPPLY, LLC and AVANTARA PARK RIDGE, LLC,

declaring, adjudging, and decreeing as follows:

(a) That no claims for "bodily injury" or "property damage" are asserted in the underlying case;

(b) That no "bodily injury" or "property damage" that was caused by an "occurrence" is at issue in the underlying case;

(c) That, if Allied Plastic or Avantara contends that a claim for "bodily injury" or "property damage" has been asserted in the underlying case (which EMC denies), the "Expected or Intended Injury" exclusion and/or the "Violation of Law" exclusion would bar coverage under the CGL policies for any "bodily injury" or "property damage" that Allied Plastic or Avantara contends is at issue in the underlying case;

(d) That no claim for "personal and advertising injury" is asserted in the underlying case;

(e) That, if Allied Plastic or Avantara contends that a claim for "personal and advertising injury" has been asserted in the underlying case (which EMC denies), the "Knowing Violation Of Rights Of Another" exclusion and/or the "Violation of Law" exclusion would bar coverage under the CGL policies for any "personal and advertising injury" that Allied Plastic or Avantara contends is at issue in the underlying case;

(f) That any "statutory damages" that could be assessed under the TCPA against Allied Plastic in the underlying case are punitive in nature and are therefore not covered under the CGL policies;

(g) That as a result, EMC has no obligation to defend Allied Plastic in the underlying case;

(h) That as a result, EMC has no obligation to indemnify Allied Plastic in the underlying case; and

(i) That any further appropriate relief be awarded to EMC.

### Count III – The CU Policies Do Not Provide Coverage For The Claims Asserted In The Underlying Case

1-52. EMC restates and realleges paragraphs 1-52 of Count II as and for paragraphs 1-52 of Count III, as though fully set forth herein.

53. EMC issued the following CU policies to its named insured "Allied Plastic

Supply, LLC":

> No. 3J3-37-36—18 for the effective period of April 1, 2017-2018;
> No. 3J3-37-36—19 for the effective period of April 1, 2018-2019;
> No. 3J3-37-36—20 for the effective period of April 1, 2019-2020;
> No. 3J3-37-36—21 for the effective period of April 1, 2020-2021; and
> No. 3J3-37-36—22 for the effective period of April 1, 2021-2022.

The policies identified above will hereinafter be referred to as "the CU policies."

54. The CU policies contain the Commercial Liability Umbrella Coverage Form, No. CU 00 01 04 13 (hereinafter referred to as "the CLU coverage form"). A copy of the CLU coverage form is attached as **Exhibit C**.

55. The CLU coverage form contains a Coverage A Section and a Coverage B Section.

57. The Coverage A Section contains an Insuring Agreement that states Coverage A is applicable in certain circumstances, subject to all terms, conditions and limitations of the CU policies, to claims for "bodily injury" and "property damage".

58. The CU policies define "bodily injury" as follows:

> **"Bodily injury" means bodily injury, disability, sickness or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury resulting from "bodily injury".**

59. The CU policies define "property damage" in relevant part as follows:

> a. **Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or**
>
> b. **Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it. \*\*\***

60. The underlying complaint does not allege any claims for "bodily injury" or "property damage" as those terms are defined in the CU policies. As a result, the Coverage A

13

Section of the CU policies is inapplicable to the underlying case.

61. The Insuring Agreement in the Coverage A Section also states that any "bodily injury" or "property damage" for which an insured seeks coverage must be caused by an "occurrence" in order for Coverage A to apply.

62. The CU policies define "occurrence" as follows:

> **"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.**

63. The underlying complaint does not allege any claims that were caused by an "occurrence" as that term is defined in the CU policies and, as a result, the Coverage A Section of the CU policies is inapplicable to the underlying case.

64. The CU policies contain an Expected or Intended exclusion, which states as follows:

> **This insurance does not apply to:**
>
> **a. Expected Or Intended Injury**
>
> **"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.**

65. If Allied Plastic or Avantara contends that a claim for "bodily injury" or "property damage" has been asserted in the underlying case (and EMC denies that the underlying case asserts such a claim), the Expected or Intended Injury exclusion would negate coverage for any "bodily injury" or "property damage" that Allied Plastic or Avantara contends is at issue in the underlying case.

66. The CU policies contain a Recording and Distribution of Material or Information in Violation of Law exclusion (hereinafter referred to as the "Violation of Law exclusion"),

14

which contains the following language:

> **2. Exclusions**
>
> **This insurance does not apply to:**
> \*\*\*
> **u. Recording And Distribution Of Material Or Information In Violation Of Law**
>
> **"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:**
>
> **(1) The Telephone Consumer Protection Act (TCPA), including an amendment of or addition to such law; or**
>
> **(2) The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or**
>
> **(3) The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or**
>
> **(4) Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.**

67. If Allied Plastic or Avantara contends that a claim for "bodily injury" or "property damage" has been asserted in the underlying case (and EMC denies that the underlying case asserts such a claim), the Violation of Law exclusion would negate coverage for any "bodily injury" or "property damage" that Allied Plastic or Avantara contends is at issue in the underlying case.

68. The Coverage B Section in the CLU coverage form contains an Insuring Agreement that states Coverage B is applicable in certain circumstances, subject to all terms, conditions and limitations of the CU policies, to claims for "personal and advertising injury".

15

69. The CU policies define "personal and advertising injury" as follows:

   14. **"Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:**

      a. **False arrest, detention or imprisonment;**

      b. **Malicious prosecution;**

      c. **The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;**

      d. **Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;**

      e. **Oral or written publication, in any manner, of material that violates a person's right of privacy;**

      f. **The use of another's advertising idea in your "advertisement"; or**

      g. **Infringing upon another's copyright, trade dress or slogan in your "advertisement".**

70. The underlying complaint does not allege any claims for the commission of any offenses within the "personal and advertising injury" definition. As a result, the Coverage B Section of the CU policies is inapplicable to the underlying case.

71. The CU policies contain a Knowing Violation Of Rights Of Another exclusion, which states as follows:

   **2. Exclusions**

   **This insurance does not apply to:**

   a. **"Personal and advertising injury":**

      **(1) Knowing Violation Of Rights Of Another**

> **Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".**

72. If Allied Plastic or Avantara contends that a claim for "personal and advertising injury" has been asserted in the underlying case (and EMC denies that the underlying case asserts such a claim), the Knowing Violation Of Rights Of Another exclusion would negate coverage for any "personal and advertising injury" that Allied Plastic or Avantara contends is at issue in the underlying case.

73. The CU policies contain a Recording and Distribution of Material or Information in Violation of Law exclusion (hereinafter referred to as the "Violation of Law exclusion"), which states as follows:

> **2. Exclusions**
>
> **This insurance does not apply to:**
>
> **a. "Personal and advertising injury":**
> **\*\*\***
> > **(17) Recording And Distribution Of Material Or Information In Violation Of Law**
> >
> > **Arising directly or indirectly out of any action or omission that violates or is alleged to violate:**
> >
> > **(1) The Telephone Consumer Protection Act (TCPA), including an amendment of or addition to such law; or**
> >
> > **(2) The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or**
> >
> > **(3) The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or**
> >
> > **(4) Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination,**

17

> **disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.**

74. If Allied Plastic or Avantara contends that a claim for "personal and advertising injury" has been asserted in the underlying case (and EMC denies that the underlying case asserts such a claim), the Violation of Law exclusion would negate coverage for any "personal and advertising injury" that Allied Plastic or Avantara contends is at issue in the underlying case.

75. The underlying complaint purports to seek "statutory damages" of $500 "for each violation of the TCPA". Under the TCPA, "statutory damages" are punitive in nature.

76. The CU policies do not provide coverage for punitive damages.

77. For this additional reason, any "statutory damages" assessed under the TCPA against Allied Plastic in the underlying case could not be covered under the CU policies.

78. EMC expressly reserves the right to assert additional coverage defenses under the CU policies in this action.

WHEREFORE, Plaintiff, EMPLOYERS MUTUAL CASUALTY COMPANY ("EMC"), prays this Court enter declaratory judgment in its favor and against Defendants, ALLIED PLASTIC SUPPLY, LLC and AVANTARA PARK RIDGE, LLC, declaring, adjudging, and decreeing as follows:

(a) That no claims for "bodily injury" or "property damage" are asserted in the underlying case;

(b) That, no "bodily injury" or "property damage" that was caused by an "occurrence" is at issue in the underlying case;

(c) That, if Allied Plastic or Avantara contends that a claim for "bodily injury" or "property damage" has been asserted in the underlying case (which EMC denies), the "Expected or Intended Injury" exclusion and/or the "Violation of Law" exclusion would bar coverage under the CU policies for any "bodily injury" or "property damage" that Allied Plastic or Avantara contends is at issue in the underlying case;

(d) That no claim for "personal and advertising injury" is asserted in the underlying case;

(e) That, if Allied Plastic or Avantara contends that a claim for "personal and advertising injury" has been asserted in the underlying case (which EMC denies), the "Knowing Violation Of Rights Of Another" exclusion and/or the "Violation of Law" exclusion would bar coverage under the CU policies for any "personal and advertising injury" that Allied Plastic or Avantara contends is at issue in the underlying case;

(f) That any "statutory damages" that could be assessed under the TCPA against Allied Plastic in the underlying case are punitive in nature and are therefore not covered under the CU policies;

(g) That as a result, EMC has no obligation to defend Allied Plastic in the underlying case;

(h) That as a result, EMC has no obligation to indemnify Allied Plastic in the underlying case; and

(i) That any further appropriate relief be awarded to EMC.

/s/ Kristina M. Beck
Brian A. O'Gallagher (ARDC #6211445)
Kristina M. Beck (ARDC #6274540)
BODELL BOVE, LLC
2215 York Road, Ste. 515
Oak Brook, Illinois 60523
Phone: (630) 382-4800
Fax: (630) 468-2158