Hearing Date: 1/12/2022 9:30 AM - 9:30 AM
Courtroom Number: 2402
Location: District 1 Court
    Cook County, IL

FILED
9/14/2021 12:05 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH04655

14805619

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CHANCERY DIVISION

AVANTARA PARK RIDGE, LLC, )
individually and as the )
representative of a class of similarly- )
situated persons, )
                                 ) No. 2021CH04655
                     Plaintiff, )
                                 )
             v. )     **CLASS ACTION**
                                 )
ALLIED PLASTIC SUPPLY, LLC, )
                                 )
                  Defendant. )

## CLASS ACTION COMPLAINT

Plaintiff, Avantara Park Ridge, LLC ("Plaintiff"), brings this action on behalf of itself and all other persons similarly situated and, except as to those allegations pertaining to Plaintiff or its attorneys, alleges the following upon information and belief against defendant Allied Plastic Supply, L.L.C. ("Defendant"):

## PRELIMINARY STATEMENT

1.      On behalf of itself and the other members of the class, Plaintiff alleges claims and seeks statutory damages and other relief arising under the Telephone Consumer Protection Act, 47 USC § 227 (the "TCPA").

2.      Plaintiff received a "junk fax" from Defendant advertising sneeze guards, table partitions, and face shields. A true and correct copy of this facsimile is attached as <u>Exhibit A</u>.

3.      The Telephone Consumer Protection Act, 47 USC § 227 (the "TCPA"), prohibits any person or entity from sending any "unsolicited advertisement" by

EXHIBIT A

FILED DATE: 9/14/2021 12:05 PM    2021CH04655

facsimile.

4.    An "unsolicited advertisement" is "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

5.    Defendant did not obtain Plaintiff's prior express invitation or permission to send any advertisement by fax.

6.    Plaintiff has no "established business relationship" with Defendant, but an unsolicited advertisement sent by facsimile on the basis of an "established business relationship" must include on its first page a specific, clear, and conspicuous opt-out notice, or else it violates the TCPA. 47 U.S.C. § 227(b)(2)(D); 47 C.F.R. § 64.1200(a)(4)(iii). The opt-out notice must state, "that the recipient may make a request to the sender of the unsolicited advertisement to send any future unsolicited advertisements to a telephone facsimile machine or machines and that failure to comply, within the shortest reasonable time ... with such a request ... is unlawful." 47 U.S.C. § 227(b)(2)(D)(ii). The opt-out notice must include "a domestic contact telephone and facsimile machine number for the recipient to transmit such a request to the sender." 47 U.S.C. § 227(b)(2)(D)(iv)(I).

7.    Exhibit A has no conforming opt-out notice.

8.    The statement at the bottom of Exhibit A that reads, "To Unsubscribe Please Email ..." falsely implies that Plaintiff subscribed to Defendant's facsimiles. Plaintiff did not "subscribe" to Defendant's solicitations, by fax or otherwise.

FILED DATE: 9/14/2021 12:05 PM   2021CH04655

9.      The TCPA provides a private right of action and provides minimum statutory damages of $500 per violation. If the Court finds an advertisement was sent knowingly or willfully, then it can increase the damages up to three times, or $1,500 per violation. 47 U.S.C. § 227(b)(3).

10.     Unsolicited faxes cause concrete damage to their recipients, such as wasting the recipient's valuable time, interrupting the recipient's privacy, tying up telephone lines, preventing fax machines from receiving authorized faxes, preventing the use of fax machines from sending outgoing faxes, wasting the recipient's paper and ink toner printing the sender's advertising material, causing undue wear and tear on fax machines, and requiring additional labor to attempt to discern the source and purpose of the unsolicited message. Defendant's fax was automatically printed to paper upon receipt, wasting Plaintiff's paper, toner, and valuable time.

11.     On behalf of itself and all others similarly-situated, Plaintiff seeks statutory damages and other relief for each of Defendant's violations of the TCPA occurring during the statutory limitations period commencing four years prior to the filing of this action and continuing until the Court orders notice to the class.

## PARTIES, JURISDICTION AND VENUE

12.     Plaintiff, Avantara Park Ridge, LLC, is a rehabilitation and healthcare facility with its principal business office located at 3450 Oakton St, Skokie, IL 60076, which is in Cook County, Illinois.

13.     Defendant, Allied Plastic Supply, L.L.C., is a Texas corporation with its principal address located at 10828 Shady Trail, Dallas, TX 75220, and a mailing

FILED DATE: 9/14/2021 12:05 PM  2021CH04655

address located at P.O. Box 549020, Dallas, TX 72354-9020. Its registered agent is James D. Gay, 1544 Valwood Parkway, Ste. 110, Carrollton, TX 75006.

14.    Personal jurisdiction exists over Defendant in Illinois because Defendant has committed tortious acts within the State.

15.    Venue is proper in the Circuit Court of Cook County.

<u>FACTS</u>

16.    Defendant has sent unsolicited advertisements by facsimile to Plaintiff and a class of similarly-situated persons.

17.    Plaintiff has received at least one unsolicited advertisement by facsimile from Defendant.

18.    <u>Exhibit A</u> is a true and correct copy of a one-page document that Plaintiff received by facsimile on or about October 6, 2020.

19.    <u>Exhibit A</u> advertises the commercial availability or quality of sneeze guards, table partitions, and face shields available for purchase from Allied Plastic Supply LLC and at www.alliedplastic.shop."

20.    Defendant did not obtain Plaintiff's express invitation or permission before sending this or any other advertisement for goods or services by facsimile.

21.    Plaintiff intends to discover all the various unsolicited advertisements Defendant sent by fax. *See* <u>Exhibit B,</u> a Demand for Preservation of All Tangible Documents Including Electronically Stored Information.

22.    <u>Exhibit A</u> has no conforming opt-out notice. It does not have a phone number or fax number where a recipient can make an opt-out request as required by

4

FILED DATE: 9/14/2021 12:05 PM 2021CH04655

47 U.S.C. § 227(b)(2)(D)(iv)(I). It also does not display the language required by 47 U.S.C. § 227(b)(2)(D)(ii).

23.     The statement at the bottom of Exhibit A that reads, "To Unsubscribe Please Email…" falsely implies Plaintiff's subscription to Defendant's facsimiles. Plaintiff did not "subscribe" to Defendant's solicitations, by fax or otherwise.

24.     On information and belief, Defendant sent <u>Exhibit A</u> and other unsolicited advertisements by facsimile to more than 40 persons. This allegation is based, in part, on the fact that <u>Exhibit A</u> is a generic form fax with graphics and trademarks and no personalized information, that sending advertisements in bulk by fax is an inexpensive way to reach a wide audience, and that the fax attached as <u>Exhibit A</u> has no clear and conspicuous opt-out notice containing the required language. The header of <u>Exhibit A</u> shows Defendant sent the fax to a computerized list of targets.

25.     Plaintiff and the other class members owe no obligation to protect their fax machines from Defendant's unlawful advertisements. Their fax machines are ready to send and receive their urgent business communications, or private communications about customers' medical and rehabilitation needs, not to receive junk faxes.

<u>**CLASS CERTIFICATION ALLEGATIONS**</u>

26.     Plaintiff brings this action as a class action on behalf of itself and a class of all others similarly-situated as members of the  class, and initially defined as follows:

Each person or entity that was sent one or more advertisements by

5

facsimile from "Allied Plastic Supply LLC."

Plaintiff anticipates modifying the proposed class definition—including proposing subclasses if appropriate—after discovery about the scope of Defendant's fax advertising practices as well as discovery as to any potential affirmative defenses Defendant may plead.

27.     Excluded from the class are Defendant, any entity in which Defendant have a controlling interest, Defendant's employees, officers, and directors, Defendant's legal representatives, heirs, successors, and assigns, and any Judge assigned to this action, and his or her family.

28.     On information and belief, Defendant's fax advertising campaigns involved other, substantially-similar advertisements also sent without the opt-out notice required by the TCPA. Plaintiff intends to locate those advertisements in discovery. Exhibit B, a Demand for Preservation of All Tangible Documents Including Electronically Stored Information.

29.     This action is brought, and may properly be maintained as, a class action under 735 ILCS 5/2-801. This action satisfies the class action prerequisites because the class is too numerous for individual joinder, common questions of law or fact predominate over individual questions, the representative party and its attorneys will fairly and adequately protect the interests of the entire class, and this class action is an appropriate method for the fair and efficient adjudication of the controversy.

30.     <u>Numerosity/Impracticality of Joinder</u>: On information and belief, the class includes more than 40 persons and, thus, is so numerous that joinder of all members is impracticable. The precise number of class members and their identities

FILED DATE: 9/14/2021 12:05 PM    2021CH04655

are unknown to Plaintiff, but can be obtained from Defendant's records or the records of third parties.

31.    **Questions of Law or Fact Common to the Class:** There is a well-defined community of interest and common questions of law and fact that predominate over any questions affecting only individual members of the class. These common legal and factual questions, which do not vary from one class member to another, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to the following:

a.    Whether Defendant sent unsolicited advertisements by fax;

b.    Whether Defendant's faxes advertised the commercial availability or quality of any property, goods, or services;

c.    The manner and method Defendant used to compile or obtain the list(s) of fax numbers to which they sent advertisements by fax;

d.    Whether Defendant faxed advertisements without first obtaining the recipients' express permission or invitation;

e.    Whether Defendant included clear and conspicuous opt-out notices on its faxed advertisements, including all content the TCPA requires;

f.    Whether Defendant is directly or vicariously liable for violating the TCPA;

g.    Whether Plaintiff and the other class members are entitled to statutory damages;

h.    Whether Defendant should be enjoined from faxing advertisements in the future;

i.    Whether the Court should award trebled damages; and

32.    **Fair and Adequate Representation:** Plaintiff will fairly and adequately protect the interests of the class. Plaintiff does not have any interests adverse to the

7

FILED DATE: 9/14/2021 12:05 PM    2021CH04655

class. Plaintiff has retained counsel who are experienced in class action litigation generally and the TCPA specifically.

33. **Appropriateness:** A class action is an appropriate method for the fair and efficient resolution of this controversy. Plaintiff envisions no difficulty in the management of this case as a class action.

## COUNT I

### TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

34. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

35. Plaintiff brings Count I on behalf of itself and a class of similarly-situated persons.

36. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine..." 47 U.S.C. § 227(b)(1).

37. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

38. The TCPA provides:

3. _Private right of action._ A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

(A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

8

FILED DATE: 9/14/2021 12:05 PM 2021CH04655

(B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)     Both such actions.

47 U.S.C. § 227(b)(3).

39.     Exhibit A is an unsolicited advertisement Defendant sent or caused to be sent by fax.

40.     Plaintiff intends to discover and include within this case all unsolicited advertisements Defendant sent by fax.

41.     Defendant violated 47 U.S.C. § 227 *et seq.* by sending advertisements by fax to Plaintiff and the other class members without their prior express invitation or permission and, to the extent Defendant will contend it sent any facsimiles based on an "established business relationship," by not having compliant opt-out notices. 47 U.S.C. § 227(b)(2)(D); 47 C.F.R. § 64.1200(a)(4)(iii).

42.     Facsimile advertising imposes burdens on unwilling recipients that are distinct from those imposed by other types of advertising.

43.     Defendant knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to send advertisements by facsimile and that Defendant's faxes did not display a compliant opt-out notice as required by the TCPA (including the FCC's regulations).

44.     Defendant is liable because it sent the faxes, caused the faxes to be sent, participated in the activity giving rise to or constituting the violation, because the faxes were sent on its behalf, or under general principles of vicarious liability

9

applicable under the TCPA, including actual authority, apparent authority, or ratification.

45.     Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused most recipients to lose paper and toner consumed in the automatic printing of Defendant's faxes. Moreover, the subject faxes used Plaintiff's and the class's fax machines and wasted their valuable time. Defendant's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

46.     Even if Defendant did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

47.     The Court, in its discretion, can treble the statutory damages if the violation was knowing or willful, and Plaintiff asks that the Court do so. 47 U.S.C. § 227.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award $500 in statutory damages for each of Defendant's violations of the TCPA;

10

FILED DATE: 9/14/2021 12:05 PM    2021CH04655

C.     That the Court treble the statutory damages to $1,500 per violation if it finds that Defendant knowingly or willfully violated the TCPA;

D.     That the Court enter an injunction prohibiting Defendant from sending advertisements by fax without first demonstrating that they have obtained express invitation or permission to fax advertisements or included the required opt-out notice on each advertisement sent by fax to a person with whom Defendant has an established business relationship; and

E.     That the Court award costs and such further relief as the Court may deem just and proper.

September 14, 2021                    Respectfully submitted,

                                      AVANTARA    PARK    RIDGE,    L.L.C.,
                                      individually and as the representative of a
                                      class of similarly-situated persons,

                                      By: /s/ Phillip A. Bock
                                              One of its attorneys

                                      Phillip A. Bock
                                      BOCK HATCH & OPPENHEIM, LLC (#44533)
                                      134 N. La Salle Street, Ste. 1000
                                      Chicago, IL 60602
                                      Telephone: 312-658-5500
                                      Facsimile: 312-658-5555
                                      Email: service@classlawyers.com

Hearing Date: 1/12/2022 9:30 AM - 9:30 AM
Courtroom Number: 2402
Location: District 1 Court
    Cook County, IL

FILED
9/14/2021 5:35 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH04655

14815913

FILED DATE: 9/14/2021 5:35 PM  2021CH04655

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CHANCERY DIVISION

| | |
|---|---|
| AVANTARA PARK RIDGE, L.L.C., individually and as the representative of a class of similarly-situated persons, ) ) ) ) | |
| Plaintiff, ) ) | No. 2021CH04655 |
| v. ) ) | CLASS ACTION |
| ALLIED PLASTIC SUPPLY, L.L.C., ) ) | |
| Defendant. ) | |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, Avantara Park Ridge L.L.C., ("Plaintiff"), individually and on behalf of a class of similarly-situated persons, through its attorneys, and pursuant to 735 ILCS 5/2-801, moves for entry of an order certifying the following class:

> Each person or entity who was sent one or more unsolicited advertisements by facsimile from Allied Plastic Supply, L.L.C.

1.    Plaintiff files this motion soon after the filing of its Class Action Complaint to avoid any attempt by Defendant to "pick-off" or moot Plaintiff's individual claims to defeat this class action. Additional discovery is necessary for the Court to determine whether to certify a class. As a result, Plaintiff will seek leave to pursue class discovery as soon as practicable.

2.    This action satisfies Rule 801's prerequisites to class certification, because the class is too numerous for individual joinder, common questions of law or fact predominate over individual questions, Plaintiff and its attorneys will fairly and

adequately protect the interests of the entire class, and this class action is an appropriate method for the fair and efficient adjudication of the controversy.

3. Plaintiff requests leave to submit a brief and other evidence in support of this motion after obtaining discovery regarding the class elements.

WHEREFORE, based upon the foregoing, Plaintiff respectfully requests that the Court certify this action as a class action pursuant to Rule 801.

September 14, 2021

Respectfully submitted,

AVANTARA PARK RIDGE, L.L.C., individually and as the representative of a class of similarly-situated persons,

By: /s/ Phillip A. Bock
    One of its attorneys

Phillip A. Bock
BOCK HATCH & OPPENHEIM, LLC (#44533)
134 N. La Salle Street, Ste. 1000
Chicago, IL 60602
Telephone: 312-658-5500
Facsimile: 312-658-5555
Email: service@classlawyers.com

2

Hearing Date: 1/12/2022 9:30 AM - 9:30 AM
Courtroom Number: 2402
Location: District 1 Court
        Cook County, IL

FILED
9/14/2021 5:35 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH04655

14815913

FILED DATE: 9/14/2021 5:35 PM    2021CH04655

Chancery Division Civil Cover Sheet
General Chancery Section

(02/19/20) CCCH 0623

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

AVANTARA PARK RIDGE, LLC
_____
                                          Plaintiff

v.                               Case No:  2021CH04655
ALLIED PLASTIC SUPPLY, LLC
_____
                                      Defendant

### CHANCERY DIVISION CIVIL COVER SHEET
### GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

Only one (1) case type may be checked with this cover sheet.

| | | | | | |
|---|---|---|---|---|---|
| 0005 | ☐ Administrative Review | | 0017 | ☐ | Mandamus |
| 0001 | ☑ Class Action | | 0018 | ◼ | Ne Exeat |
| 0002 | ☐ Declaratory Judgment | | 0019 | ☐ | Partition |
| 0004 | ☐ Injunction | | 0020 | ☐ | Quiet Title |
| | | | 0021 | ☐ | Quo Warranto |
| 0007 | ☐ General Chancery | | 0022 | ☐ | Redemption Rights |
| 0010 | ☐ Accounting | | 0023 | ☐ | Reformation of a Contract |
| 0011 | ☐ Arbitration | | 0024 | ☐ | Rescission of a Contract |
| 0012 | ☐ Certiorari | | 0025 | ☐ | Specific Performance |
| 0013 | ☐ Dissolution of Corporation | | 0026 | ☐ | Trust Construction |
| 0014 | ☐ Dissolution of Partnership | | 0050 | ☐ | Internet Take Down Action (Compromising Images) |
| 0015 | ☐ Equitable Lien | | | | |
| 0016 | ☐ Interpleader | | | ☐ | Other (specify) _____ |

◉ Atty. No.: 44533      ○ Pro Se 99500

Atty Name: Bock Hatch & Oppenheim LLC

Atty. for: Plaintiff

Address: 134 N. LaSalle Street, Suite 1000

City: Chicago      State: IL

Zip: 60602

Telephone: (312) 658-5501

Primary Email: service@classlawyers.com

Pro Se Only: ☐ I have read and agree to the terms of the Clerk's Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 1 of 1

Hearing Date: 1/12/2022 9:30 AM - 9:30 AM
Courtroom Number: 2402
Location: District 1 Court
    Cook County, IL

FILED
9/14/2021 5:35 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH04655

14815913

FILED DATE: 9/14/2021 5:35 PM  2021CH04655

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

Summons - Alias Summons                  (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

AVANTARA PARK RIDGE, LLC
_____
                         (Name all parties)

v.

ALLIED PLASTIC SUPPLY, LLC
_____

Case No. 2021CH04655

### ☒ SUMMONS    ☐ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Please serve:**

    Allied Plastic Supply, LLC
    c/o: James D. Gay
    1544 Valwood Parkway, Suite 110
    Carrollton, TX 75006

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

Summons - Alias Summons                                  (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first
create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm
to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://
www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 44533

Atty Name: Bock Hatch & Oppenheim LLC

Atty. for: Plaintiff

Address: 134 N. LaSalle Street, Suite 1000

City: Chicago

State: IL     Zip: 60602

Telephone: (312) 658-5501

Primary Email: service@classlawyers.com

Witness: _____

9/14/2021 5:35 PM IRIS Y. MARTINEZ

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with
Defendant or other person):

FILED DATE: 9/14/2021 5:35 PM   2021CH04655

# CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

FILED DATE: 9/14/2021 5:35 PM    2021CH04655

○  Richard J Daley Center
50 W Washington
Chicago, IL 60602

○  District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

○  District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○  District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

○  District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

○  District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

○  Domestic Violence Court
555 W Harrison
Chicago, IL 60607

○  Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

○  Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

## Daley Center Divisions/Departments

○  Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

X  Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○  Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○  Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○  Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○  County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○  Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○  Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○  Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

## Modifications made on Thursday, September 23, 2021

```
 .      PDFPageFix        .              . Work  .
 *      Time Stamp        . User Name .Station.          Operation Performed                    *
 *===================.============.=======.========================================*
  2021-09-23 14:48:55 eva-y          RA62183 Extracted File - Page(s) 8-25
  (Extracted From) C:\EMC\Temp\IMG\21266I-IEML-115500_9748.pdf
  (Extracted To) C:\EMC\Temp\IMG\21266I-IEML-115500_9748_53333440
  (Extracted File Name) 21266I-IEML-115500_9748(8-25).pdf
  2021-09-23 14:48:55 eva-y          RA62183 Append Edit Log - 1 page(s)
  C:\EMC\Temp\IMG\21266I-IEML-115500_9748_53333440\21266I-IEML-115500_9748(8-25).pdf
```