**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | No. 21-cv-6669 |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| ALLIED PLASTIC SUPPLY, LLC and AVANTARA PARK RIDGE, LLC, | ) ) ) | |
| Defendants. | ) | |

**DEFENDANT AVANTARA PARK RIDGE, LLC'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT**

Now comes the Defendant, Avantara Park Ridge, LLC ("Avantara"), by its attorneys, and

for her answer, affirmative defenses, and counterclaim, states as follows:

**ANSWER**

**Nature of the Action**

1.     This lawsuit is a declaratory judgment action concerning the availability of insurance coverage under certain policies of insurance issued to ALLIED PLASTIC SUPPLY, LLC by EMC for the claims asserted in an underlying lawsuit filed by Defendant AVANTARA PARK RIDGE, LLC. This lawsuit is being brought pursuant to 28 U.S.C. §§ 2201 and 2202.

**RESPONSE:** This paragraph states legal conclusions to which no answer is required. To

the extent an answer is required, Avantara admits the allegations in this paragraph.

**Jurisdiction**

2.     This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). EMC is an insurance company organized under the laws of the State of Iowa that has its principal place of business in Des Moines, Iowa..

**RESPONSE:** The first sentence of this paragraph states legal conclusions to which no

answer is required. To the extent an answer is required, Avantara denies same and demands strict

1

proof thereof. Answering further, Avantara states that the amount in controversy in its individual

claim in the Underlying Action does not exceed $75,000, exclusive of interest and costs. Avantara

lacks knowledge sufficient to admit or deny the allegations in the second sentence of this paragraph

and therefore denies same and demands strict proof thereof

3.     EMC is an insurance carrier licensed to issue policies of Commercial General Liability insurance and Commercial Umbrella insurance in the States of Iowa and Texas (among others).

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this

paragraph and therefore denies same and demands strict proof thereof.

4.     Upon information and belief, ALLIED PLASTIC SUPPLY, LLC ("Allied Plastic") is a limited liability company that is organized under the laws of Texas. On information and belief, none of Allied Plastic's members are citizens of Iowa.

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this

paragraph and therefore denies same and demands strict proof thereof.

5.     Upon information and belief, AVANTARA PARK RIDGE, LLC ("Avantara") is a limited liability company that is organized under the laws of Illinois. On information and belief, none of Avantara's members are citizens of Iowa.

**RESPONSE:** Avantara admits the allegations in this paragraph.

6.     The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

**RESPONSE:** This paragraph states legal conclusions to which no answer is required. To

the extent an answer is required, Avantara denies same and demands strict proof thereof.

Answering further, Avantara states that the amount in controversy in its individual claim in the

Underlying Action does not exceed $75,000, exclusive of interest and costs.

7.     Venue is proper under 28 U.S.C. § 139l(a)(2) because a substantial part of the acts giving rise to the dispute occurred in Skokie, Illinois, or is proper under 28 U.S.C. § 139l(a)(3) because one defendant is subject to personal jurisdiction in this judicial district at the time the action was commenced.

**RESPONSE:** This paragraph states legal conclusions to which no answer is required. To the extent an answer is required, Avantara admits the allegations. Answering further, it is only true that "a substantial part of the acts giving rise to the dispute occurred in Skokie, Illinois" if Avantara's individual claim for less than $75,000 is considered in isolation.

8.     Avantara is an interested and proper party in this action by virtue of its status as the plaintiff in the underlying case.

**RESPONSE:** This paragraph states legal conclusions to which no answer is required. To the extent an answer is required, Avantara admits the allegations.

9.     An actual controversy exists between the parties hereto, making this matter appropriate for disposition under 28 U.S.C §§ 2201 and 2202.

**RESPONSE:** This paragraph states legal conclusions to which no answer is required. To the extent an answer is required, Avantara admits the allegations.

## General Allegations

10.     On September 14, 2021, Avantara filed a lawsuit in the Circuit Court of Cook County, Illinois entitled Avantara Park Ridge, LLC, individually and as the representative of a class of similarly situated persons, v. Allied Plastic Supply, LLC, that is currently pending under case no. 2021 CH 04655. The lawsuit described in the preceding sentence will be referred to herein as "the underlying case". A copy of the Complaint (without its own exhibits) that was filed in the underlying case is attached as Exhibit A.

**RESPONSE:** Avantara admits the allegations in this paragraph.

11.     In the underlying case, Avantara alleges that on October 6, 2020, Allied Plastic sent a "junk fax" to Avantara without having permission to do so. Avantara further alleges that Allied Plastic sent similar facsimiles to other recipients without having permission to do so.

**RESPONSE:** Avantara admits that Exhibit A is a true and correct copy of the Underlying Complaint, which speaks for itself. Avantara admits the allegations of this paragraph to the extent consistent with the Underlying Complaint, and denies the allegations of this paragraph to the extent inconsistent with it.

12. Based on these alleged facts, Avantara asserts a claim in the underlying case against Allied Plastic for violation of the Telephone Consumer Protection Act, 47 USC § 227 ("the TCPA").

**RESPONSE:** Avantara admits that Exhibit A is a true and correct copy of the Underlying Complaint, which speaks for itself. Avantara admits the allegations of this paragraph to the extent consistent with the Underlying Complaint, and denies the allegations of this paragraph to the extent inconsistent with it.

13. The underlying case is a putative class action.

**RESPONSE:** Avantara admits that Exhibit A is a true and correct copy of the Underlying Complaint, which speaks for itself. Avantara admits the allegations of this paragraph to the extent consistent with the Underlying Complaint, and denies the allegations of this paragraph to the extent inconsistent with it.

14. The Complaint in the underlying case (hereinafter referred to as "the underlying complaint") seeks relief in the form of class certification, the appointment of Avantara as the class representative, and an award of damages as allowed under the TCPA for Allied Plastic's alleged violations of the TCPA.

**RESPONSE:** Avantara admits that Exhibit A is a true and correct copy of the Underlying Complaint, which speaks for itself. Avantara admits the allegations of this paragraph to the extent consistent with the Underlying Complaint, and denies the allegations of this paragraph to the extent inconsistent with it. Avantara specifically denies that class certification is a form of "relief."

15. Allied Plastic has sought insurance coverage from EMC in connection with the underlying case.

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof.

16. EMC denies it has any coverage obligations to Allied Plastic in the underlying case.

4

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof.

**<u>Count I - Certain Policies Issued by EMC Are Inapplicable Because They Expired Before the Conduct At Issue in the Underlying Case Took Place</u>**

17.    EMC issued the following Commercial General Liability ("CGL") policies to its named insured "Allied Plastic Supply, LLC":

No. 3D3-37-36- 13 for the effective period of April 1, 2012-2013;

No. 3D3-37-36- 14 for the effective period of April 1, 2013-2014;

No. 3D3-37-36- 15 for the effective period of April 1, 2014-2015;

No. 3D3-37-36- 16 for the effective period of April 1, 2015-2016; and

No. 3D3-37-36- 1 7 for the effective period of April 1, 2016-2017.

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof.

18.    EMC issued the following Commercial Umbrella ("CU") policies to its named insured "Allied Plastic Supply, LLC":

No. 313-37-36-13 for the effective period of April 1, 2012-2013;

No. 313-37-36- 14 for the effective period of April 1, 2013-2014;

No. 313-37-36- 15 for the effective period of April 1, 2014-2015;

No. 313-37-36- 16 for the effective period of April 1, 2015-2016; and

No. 313-37-36- 17 for the effective period of April 1, 2016-2017.

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof.

19.    EMC also issued certain CGL and CU policies that were effective between April 1, 2006 and April 1, 2012 to "Allied Plastic Supply, Inc", which may be a predecessor entity to Allied Plastic.

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof.

20.     The policies identified in paragraphs 17-19 above will hereinafter be collectively referred to as "the pre-April 2017 policies."

**RESPONSE:** Avantara admits the allegations in this paragraph.

21.     The underlying complaint alleges that Avantara "seeks statutory damages" for Allied Plastic's alleged "violations of the TCPA occurring during the statutory limitations period commencing four years prior to the filing of this action [i.e., the underlying case]."

**RESPONSE:** Avantara admits that Exhibit A is a true and correct copy of the Underlying Complaint, which speaks for itself. Avantara admits the allegations of this paragraph to the extent consistent with the Underlying Complaint, and denies the allegations of this paragraph to the extent inconsistent with it.

22.     The underlying case was filed on September 14, 2021.

**RESPONSE:** Avantara admits the allegations in this paragraph.

23.     The underlying complaint alleges that Avantara seeks to recover for alleged violations of the TCPA that allegedly took place up to four years prior to the date that the underlying case was filed. Accordingly, in the underlying case, Avantara is seeking to recover for alleged violations of the TCP A that allegedly took place on or after September 14, 2017.

**RESPONSE:** Avantara admits that Exhibit A is a true and correct copy of the Underlying Complaint, which speaks for itself. Avantara admits the allegations of this paragraph to the extent consistent with the Underlying Complaint, and denies the allegations of this paragraph to the extent inconsistent with it.

24.     All of the pre-April 2017 policies expired before any of the alleged violations of the TCPA that are at issue in the underlying case were allegedly committed.

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof.

25.     As a result, the pre-April 2017 policies necessarily do not provide any coverage to Allied Plastic for the claims alleged in the underlying case.

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof.

26.     EMC has no coverage obligations to Allied Plastic under the pre-April 2017 policies in connection with the underlying case.

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof.

27.     If Allied Plastic or Avantara contends the pre-April 2017 policies are applicable for any reason, EMC expressly reserves the right to assert additional coverage defenses under the pre-April 2017 policies that would operate to preclude coverage to Allied Plastic under the pre-April 2017 policies for purposes of the underlying case.

**RESPONSE:** Avantara admits that EMC purports to reserve its right to assert additional coverage defenses.

## Count II - The CGL Policies Do Not Provide Coverage For The Claims Asserted In The Underlying Case

1-27.   EMC restates and realleges paragraphs 1-27 of Count I as and for paragraphs 1-27 of Count II, as though fully set forth herein.

**RESPONSE:** Avantara restates and realleges its responses to paragraphs 1-27 as though fully set forth herein.

28.     EMC issued the following CGL policies to its named insured "Allied Plastic Supply, LLC":

No. 3D3-37-36- 18 for the effective period of April 1, 2017-2018;

No. 3D3-37-36- 19 for the effective period of April 1, 2018-2019;

No. 3D3-37-36-20 for the effective period of April 1, 2019-2020;

No. 3D3-37-36- 21 for the effective period of April 1, 2020-2021; and

No. 3D3-37-36- 22 for the effective period of April 1, 2021-2022.

7

The policies identified above will be hereinafter collectively referred to as "the CGL policies."

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof.

29. The CGL policies include the Commercial General Liability Coverage Form, bearing form no. CG 00 0 1 04 13 (hereinafter referred to as "the CGL coverage form"). A copy of the CGL coverage form is attached as **Exhibit B.**

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, Exhibit B, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied, obligate EMC to defend and indemnify Allied for the claims at issue in the Underlying Litigation.

30. The CGL coverage form contains a Coverage A Section and a Coverage B Section.

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, Exhibit B, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied, contains a Coverage A Section and a Coverage B Section.

31. The Coverage A Section of the CGL coverage form contains an Insuring Agreement that states Coverage A is applicable in certain circumstances, subject to all terms, conditions and limitations in the CGL policies, to "sums the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, Exhibit B, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied, speaks for itself.

32. The CGL policies define "bodily injury" as follows:

8

"Bodily injury" means bodily injury, sickness or disease sustained by a person, including mental anguish or death resulting from bodily injury, sickness or disease.

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, Exhibit B, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied, speaks for itself.

33. The CGL policies define "property damage" in relevant part as follows:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property. As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, Exhibit B, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied, speaks for itself.

34. The underlying complaint does not allege any claims for "bodily injury" or "property damage" as those terms are defined in the CGL policies. As a result, the Coverage A Section of the CGL policies is inapplicable to the underlying case.

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, Exhibit B, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied,

obligate EMC to defend and indemnify Allied for the claims at issue in the Underlying Litigation, including under the "property damage" coverage.

35.     The Insuring Agreement in the Coverage A Section also states that any "bodily injury" or "property damage" for which an insured seeks coverage must be caused by an "occurrence" in order for Coverage A to apply.

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, Exhibit B, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied, speaks for itself.

36.     The CGL policies define the term "occurrence" as follows:

> **"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.**

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, Exhibit B, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied, speaks for itself.

37.     The underlying complaint does not allege any claims that were caused by an "occurrence" as that term is defined in the CGL policies and, as a result, the Coverage A Section of the CGL policies is inapplicable to the underlying case.

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, Exhibit B, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied, obligate EMC to defend and indemnify Allied for the claims at issue in the Underlying Litigation, including under the "property damage" coverage.

38.     The CGL policies contain an Expected or Intended exclusion which contains the following language:

2. Exclusions

This insurance does not apply to:

a. Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of an insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, Exhibit B, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied, speaks for itself.

39.     If Allied Plastic or Avantara contends that a claim for "bodily injury" or "property damage" has been asserted in the underlying case (and EMC denies that the underlying case asserts such a claim), the Expected or Intended Injury exclusion would negate coverage for any "bodily injury" or "property damage" that Allied Plastic or Avantara contends is at issue in the underlying case.

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, Exhibit B, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied, obligate EMC to defend and indemnify Allied for the claims at issue in the Underlying Litigation, including under the "property damage" coverage.

40.     The CGL policies contains a "Recording and Distribution of Material or Information in Violation of Law" exclusion (hereinafter referred to as the "Violation of Law exclusion") which contains the following language:

2. Exclusions

This insurance does not apply to:

***

q. Recording And Distribution Of Material Or Information In Violation Of Law

11

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

(1) The Telephone Consumer Protection Act (TCPA), including an amendment of or addition to such law; or

(2) The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

(3) The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or

(4) Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, on information and belief, the above provision was not contained in the original policy EMC issued to Allied. EMC has not established that it sent proper reduction of coverage notice when this provision was first added to a renewal policy. Therefore, the provision is not validly part of the policies.

41.    If Allied Plastic or Avantara contends that a claim for "bodily injury" or "property damage" has been asserted in the underlying case (and EMC denies that the underlying case asserts such a claim), the Violation of Law exclusion would negate coverage for any "bodily injury" or "property damage" that Allied Plastic or Avantara contends is at issue in the underlying case.

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, on information and belief, the above provision was not contained in the original policy EMC issued to Allied. EMC has not established that it sent proper reduction of coverage notice when this provision was first added to a renewal policy. Therefore, the provision is not validly part of the

policies. Answering still further, Exhibit B, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied, obligate EMC to defend and indemnify Allied for the claims at issue in the Underlying Litigation.

42. The Coverage B Section of the COL coverage form contains an Insuring Agreement that states Coverage B is applicable in certain circumstances, subject to all terms, conditions and limitations in the CGL policies, to "sums the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies."

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, Exhibit B, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied, speaks for itself.

43. The CGL policies define "personal and advertising injury" as follows:

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

a. False arrest, detention or imprisonment;

b. Malicious prosecution;

c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

f. The use of another's advertising idea in your "advertisement";

or

g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

13

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, Exhibit B, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied, speaks for itself.

44.    The underlying complaint does not allege any claims for the commission of any offenses within the "personal and advertising injury" definition. As a result, the Coverage B Section of the CGL policies is inapplicable to the underlying case.

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, Exhibit B, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied, obligate EMC to defend and indemnify Allied for the claims at issue in the Underlying Litigation, including under the "personal and advertising injury" coverage.

45.    The CGL policies contain a Knowing Violation Of Rights Of Another exclusion, which contains the following language:

2. Exclusions

This insurance does not apply to:

a. Knowing Violation Of Rights Of Another

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, Exhibit B, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied, speaks for itself.

46.    If Allied Plastic or Avantara contends that a claim for "personal and advertising injury" has been asserted in the underlying case (and EMC denies that the underlying case asserts such a claim), the Knowing Violation Of Rights Of Another exclusion would negate coverage for

any "personal and advertising injury" that Allied Plastic or Avantara contends is at issue in the underlying case.

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, Exhibit B, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied, obligate EMC to defend and indemnify Allied for the claims at issue in the Underlying Litigation, including under the "personal and advertising injury" coverage.

47.     The CGL policies contain a "Recording and Distribution of Material or Information in Violation of Law" exclusion (hereinafter referred to as the "Violation of Law exclusion"), which contains the following language:

2. Exclusions

This insurance does not apply to:

***

p. Recording And Distribution Of Material Or Information In Violation Of Law

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

(1) The Telephone Consumer Protection Act (TCPA), including an amendment of or addition to such law; or

(2) The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

(3) The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or

(4) Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, on

15

information and belief, the above provision was not contained in the original policy EMC issued to Allied. EMC has not established that it sent proper reduction of coverage notice when this provision was first added to a renewal policy. Therefore, the provision is not validly part of the policies. Answering still further, Exhibit B, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied, obligate EMC to defend and indemnify Allied for the claims at issue in the Underlying Litigation.

48.    If Allied Plastic or Avantara contends that a claim for "personal and advertising injury" has been asserted in the underlying case (and EMC denies that the underlying case asserts such a claim), the Violation of Law exclusion would negate coverage for any "personal and advertising injury" that Allied Plastic or Avantara contends is at issue in the underlying case.

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, on information and belief, the above provision was not contained in the original policy EMC issued to Allied. EMC has not established that it sent proper reduction of coverage notice when this provision was first added to a renewal policy. Therefore, the provision is not validly part of the policies. Answering still further, Exhibit B, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied, obligate EMC to defend and indemnify Allied for the claims at issue in the Underlying Litigation.

49.    The underlying complaint purports to seek "statutory damages" of $500 "for each violation of the TCPA". Under the TCPA, "statutory damages" are punitive in nature.

**RESPONSE:** With respect to the first sentence of this paragraph, Avantara admits that Exhibit A is a true and correct copy of the Underlying Complaint, which speaks for itself. Avantara admits the allegations of this paragraph to the extent consistent with the Underlying Complaint, and denies the allegations of this paragraph to the extent inconsistent with it. With respect to the second sentence, Avantara denies the allegations.

16

50.     The CGL policies do not provide coverage for punitive damages.

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, Exhibit B, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied, obligate EMC to defend and indemnify Allied for the claims at issue in the Underlying Litigation.

51.     For this additional reason, any "statutory damages" assessed under the TCPA against Allied Plastic in the underlying case could not be covered under the CGL policies.

**RESPONSE:** Avantara denies the allegations in this paragraph.

52.     EMC expressly reserves the right to assert additional coverage defenses under the CGL policies in this action.

**RESPONSE:** Avantara admits that EMC purports to reserve its right to assert additional coverage defenses.

### <u>Count III - The CU Policies Do Not Provide Coverage For The Claims Asserted In The Underlying Case</u>

1-52.     EMC restates and realleges paragraphs 1-52 of Count II as and for paragraphs 1-52 of Count III, as though fully set forth herein.

**RESPONSE:** Avantara restates and realleges its responses to paragraphs 1-52 as though fully set forth herein.

53.     EMC issued the following CU policies to its named insured "Allied Plastic Supply, LLC":

No. 313-37-36- 18 for the effective period of April 1, 2017-2018;

No. 313-37-36- 19 for the effective period of April 1, 2018-2019;

No. 313-37-36-20 for the effective period of April 1, 2019-2020;

No. 313-37-36- 21 for the effective period of April 1, 2020-2021; and

No. 313-37-36- 22 for the effective period of April 1, 2021-2022.

The policies identified above will hereinafter be referred to as "the CU policies."

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof.

54.     The CU policies contain the Commercial Liability Umbrella Coverage Form, No. CU 00 01 04 13 (hereinafter referred to as "the CLU coverage form"). A copy of the CLU coverage form is attached as Exhibit C.

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, Exhibit C, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied, speaks for itself.

55.     The CLU coverage form contains a Coverage A Section and a Coverage B Section.

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, Exhibit C, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied, speaks for itself.

56.     [Paragraph 56 omitted]

57.     The Coverage A Section contains an Insuring Agreement that states Coverage A is applicable in certain circumstances, subject to all terms, conditions and limitations of the CU policies, to claims for "bodily injury" and "property damage".

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, Exhibit C, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied, speaks for itself.

58.     The CU policies define "bodily injury" as follows:

"Bodily injury" means bodily injury, disability, sickness or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury resulting from "bodily injury".

18

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, Exhibit C, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied, speaks for itself.

59. The CU policies define "property damage" in relevant part as follows:

  a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

  b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it. ***

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, Exhibit C, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied, speaks for itself.

60. The underlying complaint does not allege any claims for "bodily injury" or "property damage" as those terms are defined in the CU policies. As a result, the Coverage A Section of the CU policies is inapplicable to the underlying case.

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, Exhibit C, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied, obligate EMC to defend and indemnify Allied for the claims at issue in the Underlying Litigation, including under the "property damage" coverage.

61. The Insuring Agreement in the Coverage A Section also states that any "bodily injury" or "property damage" for which an insured seeks coverage must be caused by an "occurrence" in order for Coverage A to apply

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, Exhibit C, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied, speaks for itself.

62.    The CU policies define "occurrence" as follows:

> "Occurrence" means an accident, including continuous or repeated exposure
> to substantially the same general harmful conditions.

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, Exhibit C, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied, speaks for itself.

63.    The underlying complaint does not allege any claims that were caused by an "occurrence" as that term is defined in the CU policies and, as a result, the Coverage A Section of the CU policies is inapplicable to the underlying case

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, Exhibit C, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied, obligate EMC to defend and indemnify Allied for the claims at issue in the Underlying Litigation, including under the "property damage" coverage.

64.    The CU policies contain an Expected or Intended exclusion, which states as follows:

> This insurance does not apply to:
>
> a.   Expected Or Intended Injury
>
> "Bodily injury" or "property damage" expected or intended from the standpoint
> of the insured. This exclusion does not apply to "bodily injury" resulting from
> the use of reasonable force to protect persons or property.

20

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, Exhibit C, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied, speaks for itself.

65.    If Allied Plastic or Avantara contends that a claim for "bodily injury" or "property damage" has been asserted in the underlying case (and EMC denies that the underlying case asserts such a claim), the Expected or Intended Injury exclusion would negate coverage for any "bodily injury" or "property damage" that Allied Plastic or Avantara contends is at issue in the underlying case.

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, Exhibit C, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied, obligate EMC to defend and indemnify Allied for the claims at issue in the Underlying Litigation, including under the "property damage" coverage.

66.    The CU policies contain a Recording and Distribution of Material or Information in Violation of Law exclusion (hereinafter referred to as the "Violation of Law exclusion"), which contains the following language:

2. Exclusions

This insurance does not apply to:

***

u. Recording And Distribution Of Material Or Information In Violation Of Law

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

(1) The Telephone Consumer Protection Act (TCPA), including an amendment of or addition to such law; or

(2) The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

(3) The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or

(4) Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, on information and belief, the above provision was not contained in the original policy EMC issued to Allied. EMC has not established that it sent proper reduction of coverage notice when this provision was first added to a renewal policy. Therefore, the provision is not validly part of the policies. Answering still further, Exhibit C, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied, obligate EMC to defend and indemnify Allied for the claims at issue in the Underlying Litigation.

67. If Allied Plastic or Avantara contends that a claim for "bodily injury" or "property damage" has been asserted in the underlying case (and EMC denies that the underlying case asserts such a claim), the Violation of Law exclusion would negate coverage for any "bodily injury" or "property damage" that Allied Plastic or Avantara contends is at issue in the underlying case.

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, on information and belief, the above provision was not contained in the original policy EMC issued to Allied. EMC has not established that it sent proper reduction of coverage notice when this provision was first added to a renewal policy. Therefore, the provision is not validly part of the policies. Answering still further, Exhibit C, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied, obligate EMC to defend and indemnify Allied for the claims at issue in the Underlying Litigation.

68.     The Coverage B Section in the CLU coverage form contains an Insuring Agreement that states Coverage B is applicable in certain circumstances, subject to all terms, conditions and limitations of the CU policies, to claims for "personal and advertising injury".

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, Exhibit C, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied, speaks for itself.

69.     The CU policies define "personal and advertising injury" as follows:

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

a. False arrest, detention or imprisonment;

b. Malicious prosecution;

c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

f. The use of another's advertising idea in your "advertisement";

or

g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, Exhibit C, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied, speaks for itself.

70.     The underlying complaint does not allege any claims for the commission of any offenses within the "personal and advertising injury" definition. As a result, the Coverage B Section of the CU policies is inapplicable to the underlying case.

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this

paragraph and therefore denies same and demands strict proof thereof. Answering further, Exhibit

C, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied,

obligate EMC to defend and indemnify Allied for the claims at issue in the Underlying Litigation,

including under the "personal and advertising injury" coverage.

71.     The CGL policies contain a Knowing Violation Of Rights Of Another exclusion, which contains the following language:

2. Exclusions

This insurance does not apply to:

a. Knowing Violation Of Rights Of Another

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this

paragraph and therefore denies same and demands strict proof thereof. Answering further, Exhibit

C, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied,

speaks for itself.

72.     If Allied Plastic or Avantara contends that a claim for "personal and advertising injury" has been asserted in the underlying case (and EMC denies that the underlying case asserts such a claim), the Knowing Violation Of Rights Of Another exclusion would negate coverage for any "personal and advertising injury" that Allied Plastic or Avantara contends is at issue in the underlying case.

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this

paragraph and therefore denies same and demands strict proof thereof. Answering further, Exhibit

B, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied,

24

obligate EMC to defend and indemnify Allied for the claims at issue in the Underlying Litigation, including under the "personal and advertising injury" coverage.

73.    The CU policies contain a "Recording and Distribution of Material or Information in Violation of Law" exclusion (hereinafter referred to as the "Violation of Law exclusion"), which contains the following language:

2. Exclusions

This insurance does not apply to:

\*\*\*

p. Recording And Distribution Of Material Or Information In Violation Of Law

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

(1) The Telephone Consumer Protection Act (TCPA), including an amendment of or addition to such law; or

(2) The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

(3) The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or

(4) Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, on information and belief, the above provision was not contained in the original policy EMC issued to Allied. EMC has not established that it sent proper reduction of coverage notice when this provision was first added to a renewal policy. Therefore, the provision is not validly part of the policies. Answering still further, Exhibit C, which EMC alleges is a true and correct copy of an

insurance policy actually issued to Allied, obligate EMC to defend and indemnify Allied for the claims at issue in the Underlying Litigation.

74.    If Allied Plastic or Avantara contends that a claim for "personal and advertising injury" has been asserted in the underlying case (and EMC denies that the underlying case asserts such a claim), the Violation of Law exclusion would negate coverage for any "personal and advertising injury" that Allied Plastic or Avantara contends is at issue in the underlying case.

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, on information and belief, the above provision was not contained in the original policy EMC issued to Allied. EMC has not established that it sent proper reduction of coverage notice when this provision was first added to a renewal policy. Therefore, the provision is not validly part of the policies. Answering still further, Exhibit C, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied, obligate EMC to defend and indemnify Allied for the claims at issue in the Underlying Litigation.

75.    The underlying complaint purports to seek "statutory damages" of $500 "for each violation of the TCPA". Under the TCPA, "statutory damages" are punitive in nature.

**RESPONSE:** With respect to the first sentence of this paragraph, Avantara admits that Exhibit A is a true and correct copy of the Underlying Complaint, which speaks for itself. Avantara admits the allegations of this paragraph to the extent consistent with the Underlying Complaint, and denies the allegations of this paragraph to the extent inconsistent with it. With respect to the second sentence, Avantara denies the allegations.

76.    The CGL policies do not provide coverage for punitive damages.

**RESPONSE:** Avantara lacks knowledge sufficient to admit or deny the allegations in this paragraph and therefore denies same and demands strict proof thereof. Answering further, Exhibit

C, which EMC alleges is a true and correct copy of an insurance policy actually issued to Allied, obligate EMC to defend and indemnify Allied for the claims at issue in the Underlying Litigation.

77.     For this additional reason, any "statutory damages" assessed under the TCPA against Allied Plastic in the underlying case could not be covered under the CGL policies.

**RESPONSE:** Avantara denies the allegations in this paragraph.

78.     EMC expressly reserves the right to assert additional coverage defenses under the CGL policies in this action.

**RESPONSE:** Avantara admits that EMC purports to reserve its right to assert additional coverage defenses.

<u>**AFFIRMATIVE DEFENSES**</u>

1.     To the extent EMC relies on policy exclusions or exceptions to coverage, including but not limited to the Violation of Law exclusion, that were added to a renewal policy without proper notice, those exclusions or exceptions are void and unenforceable.

2.     To the extent that American Family provided a defense to Allied in the Underlying Action without fully disclosing potential conflicts of interest between EMC and Allied and/or without offering Allied the opportunity to select its own counsel to be paid by EMC, American Family has provided a conflicted defense, has waived its coverage defenses, and is estopped from disclaiming coverage.

Respectfully submitted,

AVANTARA PARK RIDGE, LLC,


By:     /s/ David M. Oppenheim
        One of its attorneys

Phillip A. Bock
David M. Oppenheim
BOCK, HATCH, LEWIS & OPPENHEIM, LLC
134 N. La Salle Street, Suite 1000
Chicago, IL 60602
Phone: (312) 658-5500
Fax: (312) 658-5555
service@classlawyers.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed on February 15, 2022, using the Court's electronic filing system, which will serve a copy on all counsel of record.

s/ David M. Oppenheim